**DAN JIN ZHAO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, United States Department of Justice, Respondents.**

No. 06–3469–ag.

United States Court of Appeals, Second Circuit.

July 3, 2007.

Norman Kwai Wing Wong, New York, NY, for Petitioner.

Alice H. Martin, United States Attorney, Northern District of Alabama, Katharine J. Smith, Assistant United States Attorney, Birmingham, AL, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. GUIDO CALABRESI, and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Dan Jin Zhao, a native and citizen of the People's Republic of China, seeks review of a July 7, 2006 order of the BIA affirming the May 2, 2005 decision of Immigration Judge ("IJ") Philip L. Morace, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dan Jin Zhao*, No. A96 395 421 (B.I.A. Jul. 7, 2006), *aff'g* No. A96 395 421 (Immig. Ct. N.Y. City May 2, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, although petitioner is challenging the denial of relief in "asylum-only" proceedings, as opposed to an actual removal order, this Court nonetheless has jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS*, 448 F.3d 129, 134–35 (2d Cir.2006). When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B);

*Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004). We review *de novo* questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

■ The agency's determination that Zhao failed to meet her burden of proof is supported by substantial evidence. The IJ gave limited weight to Zhao's photographs purportedly showing damage done by Chinese authorities to her personal belongings and to a letter sent by Zhao's father. The weight afforded such evidence lies largely within the IJ's discretion. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir.2006). Thus, petitioner's claim depended largely on the credibility, persuasiveness and specificity of her own testimony. *See Melendez v. U.S. Dep't of Justice*, 926 F.2d 211, 215 (2d Cir.1991). Having found Zhao's story to be based almost entirely on secondhand information and lacking in facts and details, the IJ did not err in determining that Zhao did not furnish a sufficient quantum of reliable and specific evidence to establish an objectively reasonable fear of persecution. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004); *see also Xue Deng Jiang v. Gonzales*, 474 F.3d 25, 31 (1st Cir.2007)· (discounting petitioner's account based on secondhand information); *Nyonzele v. INS*, 83 F.3d 975, 983 (8th Cir.1996) ("Skeletal secondhand information will not satisfy the burden to demonstrate a well-founded fear....").

■ The IJ also found two discrepancies in Zhao's account: (1) Zhao testified her mother called to warn her that the authorities were looking for Zhao, while her father's letter states he made the call; and (2) Zhao testified her father was beaten while in police custody and required medical attention after he was released, while neither Zhao's statement nor, according to the IJ, the father's letter, mentioned custodial abuse. In fact, the father's letter does state that he was hit by the police, perhaps prior to the arrest, which minimizes the significance of the inconsistency between Zhao's sources. While Zhao offered explanations for these inconsistencies, the IJ was not required to credit them, because a reasonable factfinder would not have been compelled to do so. *Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

Standing alone, these inconsistencies would not provide substantial evidence for the IJ's adverse credibility determination. However, the IJ was entitled to assess these discrepancies within the context of Zhao's sparse, secondhand and largely uncorroborated testimony. *See Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 107 (2d Cir.2006) (per curiam) ("[T]he IJ may ... conduct an overall evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence."); *see also Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006) (stating that an IJ may properly find cumulative effect of ancillary discrepancies consequential).

Zhao argues that the BIA improperly engaged in *de novo* review when it determined that her uncle's safety in China and her failure to obtain an affidavit from him weakened Zhao's claim. This argument is unavailing. Zhao is correct that the BIA is no longer permitted to make independent factual findings. *See Fen Yong Chen v. Bureau of Citizenship & Immigration Servs.*, 470 F.3d 509, 513–14 (2d Cir.2006); 8 C.F.R. § 1003.1(d)(3)(i). Here, however, the BIA did not engage in factfinding, but

instead relied on the record to bolster the IJ's determination that Zhao did not meet her burden of proof. Moreover, neither the IJ nor the BIA was required to show that the letter was reasonably available to Zhao, as that requirement pertains only when the IJ or BIA cites inadequate corroboration as a basis for denying relief to an applicant who is otherwise credible. *See Zhou Yun Zhang*, 386 F.3d at 78. Here, Zhao's credibility had already been damaged by the inconsistencies between her testimony and her father's letter, and her failure to submit corroborative evidence made her unable to rehabilitate that testimony. *See Xiao Ji Chen*, 471 F.3d at 341.

Because the only evidence of a threat to Zhao's life or freedom depended upon her credibility, the adverse credibility determination in this case precludes success on her claim for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003) (per curiam). As to her claim for relief under the CAT based on illegal departure, we have previously found that criminal prosecution and punishment for illegal departure do not constitute persecution in the absence of evidence that the authorities have a motive other than law enforcement for preventing the departure of or punishing an individual upon return. *See Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 239 (2d Cir.1992). Zhao has failed to demonstrate a likelihood that the authorities will punish her for reasons other than her illegal departure. Moreover, Zhao has not submitted sufficient evidence to establish a likelihood that the Chinese government specifically tortures persons who depart illegally from China. *See Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 144–45 (2d Cir.2003) (finding petitioner's failure to present particularized evidence of torture of military deserters fatal to claim for CAT relief). Accordingly, her CAT claim fails.

For the foregoing reasons, the petition for review is DENIED.